FILED
United States Court of Appeals
Tenth Circuit

December 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARILYN HARRISON,

    Plaintiff-Appellant,

v.

M-D BUILDING PRODUCTS, INC.,

    Defendant-Appellee.

No. 11-6333
(D.C. No. 5:10-CV-01124-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

    Marilyn Harrison ("Harrison") challenges the district court's grant of summary judgment to M-D Building Products, Inc. ("M-D") on her employment discrimination and retaliation claims, and claims of interference and retaliation based on her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2619. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Harrison alleged that her supervisor, Michael Wargo ("Wargo"), subjected her to a hostile work environment by yelling at her about her work performance, giving her unwarranted disciplinary notices, and otherwise verbally abusing her. Harrison contacted human resources on several occasions to complain about Wargo's behavior but did not complain Wargo was motivated by discrimination in any of those exchanges.

In August 2009, Wargo yelled at Harrison for an extended period of time about her work and a few days later, during another meeting with Wargo, Harrison lost consciousness and passed out. She was taken to the emergency room. Shortly after the incident, Harrison complained to Vernon McKenzie, M-D's vice president of human resources, about Wargo's conduct but did not allege that she thought Wargo was motivated by discrimination based on her race, age, or gender. Because her doctor recommended she take time off from work, Harrison subsequently took her full FMLA leave. During this time, Harrison filed a formal complaint with M-D that she was discriminated against on the basis of her race, age, and gender, referring to Wargo's insulting and verbally abusive behavior. After an investigation, Wargo was warned about his treatment of Harrison, but the company concluded there was no indication that discrimination played a role.

After her leave expired, Harrison and McKenzie discussed Harrison's return to work. McKenzie offered Harrison assurances that Wargo and other M-D employees would treat her with dignity and respect, but Harrison informed McKenzie that she

would not return if she had to interact with Wargo because prior assurances about Wargo had failed. M-D then advised Harrison that it understood her refusal to work as a voluntary resignation and terminated her employment.

Harrison brought suit alleging discrimination on the basis of race, age, and gender based on Wargo's conduct. She also claimed that M-D was guilty of retaliation, alleging that Wargo drafted a disciplinary letter about Harrison in retaliation for Harrison's complaints about him. Additionally, Harrison alleged interference with her rights under the FMLA based on M-D's failure to accommodate Harrison's request that she not work with Wargo and the subsequent termination of her employment. After the completion of discovery, M-D moved for summary judgment.

In its summary judgment order, the district court found that Harrison was unable to establish a prima facie case of discrimination because there was no evidence that Wargo's treatment of her was based on her race, age, or gender. With respect to her retaliation claim, the court found that Harrison's complaints to human resources prior to Wargo drafting the letter could not constitute protected activity because Harrison did not complain that Wargo was motivated by a discriminatory animus. The court additionally found that Harrison failed to show she suffered an adverse employment event.

As to Harrison's FMLA claims, the court noted that she received her full FMLA leave and her position was held open for her once her leave ended. *See*

*Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007) (holding that second element of interference claim requires showing that employee was prevented from taking full 12 weeks of FMLA guaranteed leave, denied reinstatement following leave, or denied initial permission to take leave). M-D terminated her position only after she refused to return to work. Consequently, the court concluded that Harrison could not show she was prevented from exercising her rights under the FMLA nor could she establish a retaliation claim. Accordingly, the district court granted summary judgment on all of Harrison's claims. Harrison now appeals.

Having reviewed the briefs, the record, and applicable law, we conclude that Harrison has not identified any reversible error in the district court's analysis. We therefore AFFIRM the district court's grant of summary judgment for the reasons articulated by the court in its order of December 13, 2011.

Entered for the Court

Jerome A. Holmes
Circuit Judge